■ ISLAND WIDE REALTY, INC., Appellant, v ANDREW PAPPAS et al., Respondents. [807 NYS2d 597]—

In an action, inter alia, to compel partial specific performance of a contract to sell real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated September 28, 2004, which denied its motion for leave to enter a default judgment and granted the defendants' cross motion to dismiss the complaint based upon documentary evidence.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the cross motion which were to dismiss the plaintiff's second and fourth causes of action and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the second and fourth causes of action are reinstated.

The plaintiff's complaint alleged four causes of action. The second sought, inter alia, to recover costs for surveys, and the fourth sought the return of the down payment.

It is undisputed that a contract was signed by the parties, providing for the sale of certain property to the plaintiff by the defendants. That contract, which is relied upon by the defendants, at least in part, to support their cross motion to dismiss the complaint, provides, inter alia, that in the event that the plaintiff cannot obtain certain building permits, it may be entitled to recover the costs of certain surveys and the return of its down payment. Since it appears that the aforementioned contingency occurred, the defendants were not entitled to dismissal of the plaintiff's second and fourth causes of action seeking to recover those survey costs and the return of its down payment.

The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal. Florio, J.P., Crane, Ritter and Lifson, JJ., concur.